

NUMBER 13-15-00216-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TIMOTHY HAYS,                                            **Appellant,**

**v.**

CHIEF CAMPOS, ET AL.,                             **Appellees.**

## On appeal from the 135th District Court
## of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Appellant Timothy Hays, an inmate proceeding *pro se*, appeals the trial court's

orders granting pleas to the jurisdiction filed by appellees, DeWitt County District Attorney

Michael Sheppard[1] and Chief Paul Campos and Sergeant Ernesto Garcia of the Yorktown

---

[1] Michael Sheppard is the district attorney of the 24th Judicial District, which includes DeWitt, Goliad, and Refugio Counties. *See* TEX. GOV'T CODE ANN. § 43.111 (West, Westlaw through Ch. 46, 2015

Police Department.  We affirm.

## I. BACKGROUND

On February 12, 2012, appellant was arrested for possession of methamphetamines and heroin by officers with the Yorktown Police Department.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West, Westlaw through Ch. 46, 2015 R.S.).  At the time of appellant's arrest, Yorktown police seized the 2007 Chevy pickup truck in which the narcotics were found.  The police also seized property in the truck, including family photos, unspecified "work tools," and a leather jacket.

Appellant was convicted of possessing narcotics and sentenced to fourteen years in the Texas Department of Criminal Justice—Institutional Division.  Sheppard separately instituted civil forfeiture proceedings against the property.  *See generally* TEX. CODE CRIM. PROC. ANN. art. 59.01–.14 (West, Westlaw through Ch. 46, 2015 R.S.).  It is unclear from the record whether appellant contested the proceedings, but it is undisputed that the forfeiture case ended with a judgment for the State.

On February 17, 2015, appellant filed a *pro se* lawsuit in the 135th District Court of DeWitt County alleging that appellees violated his constitutional and statutory rights by seizing his property and causing it to be forfeited to the State.  Appellant's original petition, his live petition, alleged causes of action under:  (1) 42 U.S.C. § 1983 for violations of his rights secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; (2) the federal Racketeering Influenced and Corrupt Organizations Act (RICO);[2] and (3) state law claims for fraud, conspiracy to commit fraud, theft, conspiracy

---

R.S.).

[2] *See generally* 18 U.S.C. 1962 (West, Westlaw through P.L. 114-49).

to commit theft, and unlawful conversion of property. Appellant alleged that Campos and Garcia seized his property even though his truck was never used as a criminal instrument and further alleged that Sheppard pursued forfeiture proceedings against his property but never served appellant with a citation. Appellant asserted in his prayer for relief that he was seeking declaratory and injunctive relief. However, appellant provided monetary values for the seized property in the body of his petition and stated that he was seeking "exemplary damages."

Sheppard answered and filed a plea to the jurisdiction on the grounds of absolute prosecutorial immunity, sovereign immunity, and argued that appellant failed to give timely notice of his claims within the period required by the Texas Tort Claims Act (TTCA). Campos and Garcia answered and filed a separate plea to the jurisdiction alleging that the trial court lacked jurisdiction because the statute of limitations on appellant's claims had run, the TTCA did not waive sovereign immunity for appellant's claims, and the United States Supreme Court's decision in *Heck v. Humphrey* barred appellant's Section 1983 claim. *See* 512 U.S. 477, 490 (1994). The trial court granted each plea to the jurisdiction by a separate order.

By three issues, which we address as four, appellant asserts that the trial court erred by granting the pleas to the jurisdiction because: (1) the trial court erred by refusing to issue a bench warrant to allow appellant to attend the hearing on appellees' pleas to the jurisdiction in person; (2) Sheppard did not establish that he was entitled to absolute immunity or sovereign immunity; (3) Campos and Garcia did not establish that they were entitled to qualified immunity; and (4) appellant's suit was timely and not barred by the statute of limitations.

3

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to decide the subject matter of a case. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012). A plea to the jurisdiction places the burden on the plaintiff to plead sufficient facts to affirmatively demonstrate the trial court's jurisdiction. *Id.* at 150. Whether subject matter jurisdiction exists is a question of law that we review *de novo*. *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

We begin our analysis of a plea to the jurisdiction with the live pleadings. *Heckman*, 369 S.W.3d at 150. We construe the pleadings liberally, accepting all the factual allegations as true, and look to the plaintiff's intent. *Id.* We may also consider evidence submitted to negate the existence of jurisdiction and must do so when the evidence necessarily resolves the jurisdictional issue. *Id.* We must grant the plea if the pleadings affirmatively negate the existence of jurisdiction. *Miranda*, 133 S.W.3d at 227. If the pleadings do not contain sufficient facts to demonstrate jurisdiction but also do not affirmatively negate it, the issue is one of pleading sufficiency and we must afford the plaintiff an opportunity to replead. *Id.*

We construe appellant's *pro se* pleadings and brief liberally and with patience but "still hold appellant to the same standard as a licensed attorney, requiring that he follow [the] same rules and laws." *See Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi 2010, no pet.). To do otherwise would give a *pro se* party an advantage over a party represented by a licensed attorney. *See id.*

4

### III. MOTION TO ATTEND THE HEARING

As a threshold matter, we address appellant's assertion that the trial court erred by denying his motion for a bench warrant. The entirety of appellant's argument under this issue is: "[t]he order denying plaintiff's motion to appear via bench warrant or tele-conference is denial of access to [the] court[s]." We hold that appellant waived this issue because he provided no substantive argument or citation to relevant authorities. *See* TEX. R. APP. P. 38.1(i). We overrule appellant's first issue.

### IV. CLAIMS AGAINST SHEPPARD

Appellant asserts by his second issue that the trial court erred by concluding that Sheppard enjoyed absolute immunity. We disagree.

Texas law extends absolute immunity to government officials when performing the core functions of a prosecutor. *Lesher v. Coyel*, 435 S.W.3d 423, 430 (Tex. App.—Dallas 2014, pet. denied) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.); *Brown v. Lubbock Cty. Commissioners Court*, 185 S.W.3d 499, 505 (Tex. App.—Amarillo 2005, no pet.) (op. on reh'g). This immunity applies to activities "intimately associated with the judicial phase of the criminal process" such as initiating a prosecution and presenting the State's case in court. *Lesher*, 435 S.W.3d at 430. Prosecutorial immunity also applies to "[t]hose acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Clawson v. Wharton Cty.*, 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi 1996, writ denied) (citing

5

*Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993)).[3]

We conclude that Sheppard is entitled to absolute immunity because appellant's claims arose from Sheppard's decision to initiate a case on behalf of the State and from his alleged conduct while acting as an advocate for the State. The Texas Code of Criminal Procedure places the responsibility on the "attorney representing the state" to initiate an asset forfeiture proceeding within thirty days after a peace officer seizes property subject to forfeiture. TEX. CODE CRIM. PROC. ANN. art. 59.04(a). The "attorney representing the state" is defined as "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under this chapter." *Id.* art. 59.01(1). It is undisputed that the seizure of appellant's property took place in DeWitt County and that Sheppard is the prosecutor with felony jurisdiction in that county. *See* TEX. GOV'T CODE ANN. § 43.111 (West, Westlaw through Ch. 46, 2015 R.S.).

Thus, appellant's claims that Sheppard initiated forfeiture proceedings and allegedly did not ensure that appellant was served with citation are based on Sheppard's decision to initiate a case on the State's behalf and his conduct in the course of representing the State in that proceeding. We conclude that Sheppard is entitled to absolute immunity because appellant's claims against him arise from his exercise of the essential functions of a prosecutor. *See Lesher*, 435 S.W.3d at 430; *Charleston*, 194 S.W.3d at 90; *Brown*, 185 S.W.3d at 505; *Hawkins v. Walvoord*, 25 S.W.3d 882, 891 (Tex. App.—El Paso 2000, pet. denied); *Clawson*, 941 S.W.2d at 272; *see also State v.*

---

[3] Absolute prosecutorial immunity is properly asserted in a plea to the jurisdiction because it deprives the court of all subject matter jurisdiction over the case. *See Salazar v. Morales*, 900 S.W.2d 929, 934 (Tex. App.—Austin 1995, no writ) (affirming a plea to the jurisdiction on absolute immunity grounds); *see also Smith v. Dist. Attorney Office for Wood County*, No. 03-13-00220-CV, 2014 WL 5420536, at *2 (Tex. App.—Austin Oct. 24, 2014, pet. denied) (mem. op.) (same); *Martinez v. State*, No. 13-10-00076-CV, 2011 WL 861059, at *3 (Tex. App.—Corpus Christi Mar. 10, 2011, no pet.) (mem. op.) (same).

*Seventeen Thousand Two Hundred Seventy Dollars In U.S. Currency*, No. 01-99-00213-CV, 2000 WL 124689, at *4 (Tex. App.—Houston [1st Dist.] Feb. 3, 2000, pet. denied) (mem. op.) (reaching the same conclusion in a suit against a prosecutor for initiating a forfeiture proceeding against the plaintiff).  Because Sheppard's immunity is absolute, the pleadings have affirmatively negated the existence of jurisdiction and we will not afford appellant an opportunity to replead.  *See Miranda*, 133 S.W.3d at 227.

We overrule appellant's second issue.

## V. CLAIMS AGAINST GARCIA AND CAMPOS

By his third issue, appellant asserts that Garcia and Campos did not establish that the trial court lacked jurisdiction because they were not entitled to qualified immunity. Qualified immunity is a "uniquely federal doctrine" that "[a]t best, bears some resemblance to the Texas common-law defense of official immunity."  *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015).  Official immunity is not at issue at this stage of the suit.  *See id.* (observing that the doctrine of official immunity is an affirmative defense that may not be raised in a plea to the jurisdiction).  However, appellant's third issue cites to and uses much of the language from cases involving the election-of-remedies provision of the TTCA.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through Ch. 46, 2015 R.S.).  Construing appellant's brief liberally, we will address his third issue as a challenge to Garcia and Campos's request in their plea to the jurisdiction that the court dismiss the case against them pursuant to that section.

We begin with appellant's common-law claims.  Section 101.106(f) of the TTCA provides that a suit against a government employee (1) for acts within the scope of employment and (2) that could have been brought against the government, "is considered

to have been brought against the governmental entity, not the employee." *Tex. Adjutant General's Office v. Ngakoue (TAGO)*, 408 S.W.3d 350, 356–57 (Tex. 2013). Section 101.106(f) entitles an employee sued in his or her official capacity to dismissal from the suit on the employee's motion. *Id.* at 359. Once the motion is filed, the plaintiff has thirty days to amend its pleadings to sue the government and omit the employee—thereby dismissing the suit against the employee—or the trial court must grant the employee's motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *see TAGO*, 408 S.W.3d at 359.

We first address whether appellant sued Campos and Garcia for acts in the course and scope of their employment. The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5) (West, Westlaw through Ch. 46, 2015 R.S.). It is well settled that a police officer acts within the course and scope of employment when performing a public duty such as enforcing general laws. *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 418 (Tex. App.—Dallas 2007, pet. denied); *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The allegations in appellant's petition are that Garcia seized appellant's property and Campos is vicariously liable for Garcia's actions. Appellant argues that these alleged actions were not in the course and scope of Garcia and Campos's employment because theft and conversion of property does not further the law enforcement purposes of their employer. However, the Texas Code of Criminal Procedure specifically provides police officers with authority to seize property that they have cause to believe was used in the commission of a crime.

*See* Tex. Code Crim. Proc. Ann. art. 59.03(a), (b).  Appellant alleges that his truck was not used as a criminal instrument but he does not deny that the heroin and methamphetamine were in the truck at the time of his arrest.  After a thorough review of the pleadings, we conclude that appellant has not pleaded any facts showing that Campos and Garcia engaged in an independent course of conduct that was not intended to further the law-enforcement purposes of their government employer.  We hold that appellant's claims are based on conduct within the general scope of Garcia and Campos's employment.  *See Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (per curiam) (holding that suit against two peace officers alleging improper conduct when arresting the plaintiff alleged conduct in the course and scope of the peace officers' employment).

We next consider whether appellant's claims could have been brought under the TTCA.  *See id.*  The Texas Supreme Court has held that because the TTCA is the only avenue for recovery against the government under the common law, all tort theories asserted against the government are "under the Tort Claims Act" for purposes of section 101.106.  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).  The Texas Supreme Court later clarified that a common-law claim could have been brought "against the government" for purposes of section 101.106(f) even if the claim is not one for which the TTCA waives immunity.  *Franka v. Velasquez*, 332 S.W.3d 367, 379–80 (Tex. 2011).  Accordingly, we hold that appellant's common-law claims could have been brought against the government.  *See id.; see also Alexander*, 435 S.W.3d at 792.

Regarding appellant's common-law claims, we hold that:  (1) appellant sued Campos and Garcia for acts in the course and scope of their employment; and (2)

9

appellant's common-law claims could have been brought against the government. The trial court did not err in dismissing appellant's common-law claims for fraud, conspiracy to commit fraud, theft, conspiracy to commit theft, and unlawful conversion of property. *See Alexander*, 435 S.W.3d at 792.

However, section 101.106(f) is not relevant to appellant's Section 1983 claim because such a claim is not "brought under" the TTCA for purposes of the TTCA's election-of-remedies provision. *See Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 416 (Tex. 2015). Appellant's brief makes no argument regarding why the trial court had jurisdiction over his Section 1983 claim and does not separately address his RICO claim at all. Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contain a clear and concise argument for the contentions made, supported by appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). Even though we construe *pro se* appellate briefs liberally, we still hold *pro se* appellants to the same standards as licensed attorneys and require them to properly present their cases to this Court. *See Jarvis*, 327 S.W.3d at 925; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). We conclude that appellant has waived his challenges to the trial court's grant of the plea to the jurisdiction on his Section 1983 and RICO claims by failing to provide substantive argument with proper citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i).

We now turn to the question of whether we should afford appellant an opportunity to replead his claims against Garcia and Campos. We conclude that the pleadings affirmatively demonstrate that the trial court lacked jurisdiction over appellant's common-law claims because section 101.106(f) entitled Campos and Garcia to dismissal. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). The pleadings also affirmatively negate jurisdiction as to appellant's RICO claim because Texas courts have held that federal courts have exclusive jurisdiction over RICO claims. *See Main Rusk Associates v. Interior Space Constructors, Inc.*, 699 S.W.2d 305, 307 (Tex. App.—Houston [1st Dist.] 1985, no writ); *see also Hoffman v. Monroe*, No. 13-13-00643-CV, 2014 WL 4402230, at *3 (Tex. App.—Corpus Christi Aug. 29, 2014, no pet.) (mem. op.). Finally, the pleadings affirmatively demonstrate that the trial court lacked jurisdiction over appellant's Section 1983 claim because nothing in appellant's petition even hints at an illegal or unauthorized course of conduct. *See Leachman v. Dretke*, 261 S.W.3d 297, 305 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). In sum, we will not afford appellant an opportunity to replead his claims against Garcia and Campos because the record affirmatively negates jurisdiction. *See Miranda*, 133 S.W.3d at 227.

We overrule appellant's third issue. In light of our disposition of appellant's third issue, we need not reach his fourth issue. *See* TEX. R. APP. P. 47.1.

## VI. CONCLUSION

We affirm the judgment of the trial court.


NORA LONGORIA,
Justice


Delivered and filed the
31st day of August, 2015.

11