**AFFIRM; and Opinion Filed June 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01357-CV

**MARK LESHER AND RHONDA LESHER, Appellants**
**V.**
**SHANNON COYEL, GERALD COYEL,**
**AND VAL VARLEY, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-03298-2009**

## OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

Following their criminal prosecution and acquittal for the aggravated sexual assault of

Shannon Coyel, appellants Mark and Rhonda Lesher sued Shannon for malicious prosecution

and also sued her, her husband Gerald Coyel, and prosecutor Val Varley for violations of title 42,

sections 1983 and 1985 of the United States Code. Shannon, Gerald, and Varley each filed a

motion for summary judgment, which the trial court granted. In this appeal, the Leshers contend

the trial court erred in granting appellees' motions for summary judgment and in denying the

Leshers' motion to compel certain documents. We affirm the trial court's judgment.

### BACKGROUND

For a few days in July 2007, Shannon and her boyfriend, Robert McCarver, lived on the

Leshers' ranch in Red River County, Texas, while Shannon was separated from her husband

Gerald. Several months later Shannon alleged that during this time the Leshers and McCarver had sexually assaulted her. As Red River County Attorney, Varley presented the case to a grand jury in Red River County. The Leshers were indicted for the sexual assault of Shannon, but the indictments were dismissed apparently because they were filed after the term of the grand jury had ended. Varley again presented the case to a grand jury, and this time the Leshers were indicted for the aggravated sexual assault of Shannon.[1]

Varley prosecuted the Leshers when the case went to trial in Collin County after a change of venue. Shannon testified at the criminal trial that the Leshers held her against her will for several days. She further testified that during this time, on the night of July 26, 2007, Mark Lesher gave her a pill that made her groggy, and Mark, Rhonda, and McCarver sexually assaulted her while she was physically unable to resist.

On cross-examination, defense counsel impeached Shannon on several issues. For example, Shannon claimed that after the assault her head hurt so badly from a migraine headache that she stayed in bed, or at least in the house, for the next two days. Defense counsel questioned her about receipts showing that on the day after the alleged assault she shopped at a department store in Gilmer, Texas. Shannon admitted she went shopping the day after the alleged assault. She did not know how far Gilmer was from the Leshers' house. (The Leshers urge that Gilmer is 75 miles away.) Shannon was also impeached with evidence she told the grand jury she had never been in trouble and had never done drugs, when in fact she had. She also told the grand jury she signed her will over to Mark Lesher, but admitted at trial that was not true.

The Leshers were acquitted of the charges against them in January 2009. Thereafter, they sued Shannon for malicious prosecution. They asserted her allegations against them were

---

[1] McCarver was also indicted for the offense and subsequently acquitted.

fabricated and that she did not have probable cause to initiate the criminal prosecution and acted with malice in making the false accusations.

The Leshers later amended their pleadings to add Gerald and Varley as defendants. Their thirty-page petition details a contentious relationship between Varley and Mark Lesher dating back to 1999. The Leshers alleged that Shannon, Gerald, and Varley conspired to obtain the indictments. The Leshers asserted causes of action against all three appellees for violations of title 42, sections 1983 and 1985 of the United States Code, alleging that the criminal prosecution deprived them of their civil rights under color of law.[2] The Leshers originally sued Varley in his official and individual capacities, but later nonsuited all causes of action against Varley in his official capacity. Their live pleading specified that they were suing him only in his individual capacity.

Each appellee filed his or her own motion for summary judgment. Varley filed a traditional motion for summary judgment on grounds that he had absolute immunity for all of the Leshers' claims. Varley also asserted that the Leshers' 1985 claim failed as a matter of law because they did not allege Varley acted with "racial or otherwise class-based discriminatory animus."

Shannon moved for a traditional and no-evidence summary judgment. She asserted the Leshers' 1983 claim failed as a matter of law because she was entitled to absolute immunity from any claim based on her testimony as a grand jury or trial witness. She also asserted she was entitled to judgment as a matter of law because the Leshers failed to state causes of action under either section 1983 or 1985. Shannon moved for a no-evidence summary judgment on grounds the Leshers had no evidence she (1) lacked probable cause to procure aggravated sexual assault

---

[2] The Leshers' appellate brief indicates they also brought their malicious prosecution claim against all three appellees. The record does not bear this out. Under the heading "Count 1 Malicious Criminal Prosecution," the Leshers' live pleading mentions only Shannon.

charges against them and (2) acted with malice. Shannon also contended the Leshers had no evidence to support their 1983 claim.

Gerald also moved for both a traditional and no-evidence summary judgment. He asserted he was entitled to judgment as a matter of law because the Leshers failed to state causes of action under sections 1983 and 1985. He also asserted the Leshers had no evidence to support their claim under section 1983.

The trial court granted Varley's motion for summary judgment first. While the Coyels' motions were pending, the Leshers filed a motion to compel certain documents the Coyels had claimed were privileged. At the hearing on the motion to compel, the trial court asked the Coyels to produce the relevant documents for in camera inspection. After inspecting the documents, the trial court denied the motion to compel. On the same day, the trial court granted the motions for summary judgment filed by Shannon and Gerald. The trial court did not specify whether it granted Shannon or Gerald's traditional or no-evidence motion.

This appeal followed. The Leshers' brief lists ten issues presented for our review. The argument portion of the brief, however, is not organized around these issues. We will address the arguments raised without reference to the specific listed issues.

### SUMMARY JUDGMENT AS TO SHANNON COYEL

The Leshers first complain the trial court erred in granting summary judgment for Shannon on their malicious prosecution claim. Shannon moved for summary judgment as to this claim on no-evidence grounds. Specifically, she asserted there was no evidence 1) she lacked probable cause to initiate or procure aggravated sexual assault charges against the Leshers or 2) she acted with malice.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The standards for reviewing both traditional and no-

evidence motions for summary judgment are well established. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548-49 (Tex. 1985). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon,* 690 S.W.2d at 548-49; *see* TEX. R. CIV. P. 166a(c). A no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Timpte Indus.*, 286 S.W.3d at 310. To defeat a no-evidence motion for summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438 (Tex. App.—Dallas 2014, no pet.); *see* TEX. R. CIV. P. 166a(i). We consider the evidence in the light most favorable to the nonmovant. *Rico*, 420 S.W.3d at 438. A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 601. However, when the evidence is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id.*

A person subjected unjustifiably to criminal proceedings may have a cause of action for malicious prosecution. *Rico*, 420 S.W.3d at 439. To prevail on a malicious prosecution claim, a plaintiff must prove: (1) a criminal prosecution was commenced against him; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in his favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) he suffered damages. *Id.* Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on

–5–

the facts within the knowledge of the complainant, that the person charged was guilty of the crime for which he was prosecuted." *Id.* The probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792-93 (Tex. 2006); *Rico*, 420 S.W.3d at 439. Even a failure to fully and fairly disclose all material information or knowingly providing false information to the prosecutor will not defeat a complainant's probable cause but are instead relevant to issues of malice and causation. *Forbes v. Lanzl*, 9 S.W.3d 895, 899 (Tex. App.—Austin 2000, pet. denied) (citing *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 519 (Tex. 1997)).

Malicious prosecution actions involve a delicate balance between society's interest in the efficient enforcement of the criminal law and the individual's interest in freedom from unjustifiable and oppressive criminal prosecution. *Rico*, 420 S.W.3d at 439 (citing *Richey*, 952 S.W.2d at 516). Thus, there is an initial presumption that the defendant acted reasonably and in good faith and had probable cause to initiate criminal proceedings. *Suberu*, 216 S.W.3d at 793; *Rico*, 420 S.W.3d at 439. To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause. *Suberu*, 216 S.W.3d at 793; *Rico*, 429 S.W.3d at 439. The burden then shifts to the defendant to offer proof of probable cause. *Rico*, 429 S.W.3d at 439.

Shannon moved for summary judgment on grounds the Leshers had no evidence she lacked probable cause to initiate the prosecution. The Leshers maintain they produced evidence that, as a matter of law, Shannon lacked probable cause. We will treat this as an attempt to rebut the presumption Shannon had probable cause. The Leshers rely on Shannon's admission at the criminal trial that she was shopping in Gilmer, Texas, on July 27, 2007, the day after the alleged

assault. They argue it was impossible for her to be simultaneously "1) unable to move while being gang-raped at [the Leshers'] residence and 2) shopping in public 75 miles away." We do not agree that evidence Shannon went shopping the day after the alleged assault made it impossible for the assault to have occurred. Also, evidence suggesting Shannon failed to disclose all relevant facts or knowingly provided false information is relevant to the issue of malice or causation, but does not defeat her probable cause. *See Richey*, 952 S.W.2d at 519. The evidence about the shopping trip does not rebut the presumption that Shannon had probable cause.

Next, the Leshers contend they rebutted the presumption that Shannon had probable cause to initiate criminal proceedings with evidence Shannon had motive to retaliate against them. The Leshers' summary judgment evidence included Shannon's response to their request for admissions in which Shannon admitted Rhonda Lesher testified against Gerald during child custody proceedings. The custody hearing took place in October 2007, after the alleged sexual assault and before Shannon accused the Leshers. The Leshers assert Rhonda's testimony against Gerald gave Shannon a motive to retaliate against them. Specifically, the Leshers suggest Shannon accused them to regain favor with Gerald.

More background on this issue is necessary. Shannon and Gerald separated in June 2007, and Gerald filed for divorce and filed a suit affecting the parent-child relationship. In August 2007, Shannon filed a complaint with the State Commission on Judicial Conduct against the judge in the divorce proceedings, alleging the judge allowed his personal relationship with Gerald to influence his conduct and ability to be impartial. According to the complaint, Gerald sought to prevent Shannon from having any contact with her biological daughter, Gerald's step-daughter, and sought to be appointed temporary sole managing conservator of the child. She alleged Gerald used his influence with the judge to obtain five ex parte TROs preventing her

from seeing her daughter. Shannon further alleged that Gerald was a "sexual pervert" and had a sexually inappropriate relationship with her daughter. In early September 2007, Gerald and Shannon reconciled, but the Leshers maintain Shannon did so only to regain access to her daughter.

Shannon accused Gerald of preventing her from seeing her daughter and being sexually inappropriate with her daughter. Under these circumstances, the fact that Rhonda testified against Gerald in child custody proceedings does not show that Shannon had a motive to retaliate against Rhonda. If anything, Shannon benefitted from Rhonda's testimony. We conclude the Leshers' evidence creates no more than a surmise or suspicion that Shannon had a motive to retaliate against them and as such is no more than a scintilla. Accordingly, the trial court did not err in granting summary judgment in favor of Shannon on the Leshers' malicious prosecution claim.

The Leshers' argument regarding the propriety of summary judgment in favor of Shannon on their section 1983 and 1985 claims is contained in a footnote in their appellate brief. In their brief, as well as in their response to Shannon's motion for summary judgment, they "qualifiedly concede" that *Rehberg v. Paulk,* 132 S. Ct. 1497 (2012), "appears to demand summary judgment in favor of the Coyels" on these claims. Under *Rehberg,* a grand jury witness, as well as a witness at trial, has absolute immunity from any section 1983 claim based on the witness's testimony. *Id.* at 1506.

In their footnote, the Leshers urge this Court not to apply *Rehberg* in this case. The Leshers have not, however, attacked Shannon's other grounds for summary judgment on these claims. In addition to her claim of immunity, Shannon asserted she was entitled to judgment as a matter of law because the Leshers failed to state causes of action under either section 1983 or 1985 and contended the Leshers had no evidence to support their 1983 claim. If the trial court

does not specify the basis for granting a summary judgment, the appealing party must challenge all the grounds that support the judgment. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). If the appellant fails to negate or challenge all possible grounds on which summary judgment could have been granted, we will uphold the judgment on those grounds. *Shih v. Tamisiea*, 306 S.W.3d 939, 945 (Tex. App.—Dallas 2010, no pet.). Because the Leshers' have not attacked all grounds upon which the trial court could have granted summary judgment for Shannon on the Leshers' 1983 and 1985 claims, we uphold the summary judgment in favor of Shannon on these claims.

## SUMMARY JUDGMENT AS TO VAL VARLEY

The Leshers next contend the trial court erred when it granted Varley's motion for summary judgment. Varley moved for summary judgment on the basis of absolute immunity because the Leshers' allegations against him all stemmed from his role as the prosecutor in the criminal case. The Leshers contend Varley did not establish that he was entitled to absolute immunity. They also assert Varley's conduct was in the clear absence of all jurisdiction and was thus unprotected.

Prosecutors have absolute immunity from liability when performing their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). In determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997). Activities intimately associated with the judicial phase of the criminal process, such as initiating a prosecution and presenting the State's case, are functions to which absolute immunity applies with full force. *Imbler*, 424 U.S. at 430. Absolute immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he acts within the scope of his prosecutorial functions. *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.); *Clawson v. Wharton Cnty.*, 941 S.W.2d

267, 272 (Tex. App.—Corpus Christi 1996, writ denied). Further, absolute immunity is effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity. *Clawson*, 941 S.W.2d at 273.

The Leshers first contend Varley did not establish he was entitled to absolute immunity. Attached to Varley's traditional summary judgment motion was a copy of the Leshers' pleadings, which alleged Varley presented the case to the two grand juries and prosecuted the case when it went to trial. Varley also presented as evidence deposition testimony from four of the grand jurors who testified about the way Varley conducted himself when presenting the case against the Leshers to them. The Leshers contend this evidence did not show Varley was entitled to immunity. It is undisputed that Varley was the prosecutor in the underlying criminal case against the Leshers. Varley's legal argument that he was entitled to summary judgment on absolute immunity grounds was properly raised in his motion for summary judgment. At that point, the burden shifted to the Leshers to provide controverting evidence.

The Leshers respond that Varley is not entitled to immunity because he acted "in the clear absence of all jurisdiction" by depriving them of a fair and impartial grand jury. They complain Varley did this in two ways: (1) he prevented the grand jurors from reading the grand jury handbook and thus prevented them from knowing their rights and responsibilities under the law; and (2) he prejudiced the grand jury by presenting as evidence a videotape of Robert McCarver that was irrelevant and inadmissible. The videotape contained a statement McCarver made to law enforcement officers that "implicated Mark Lesher in the illegal drug activity occurring in and around Red River County." The Leshers maintain McCarver's statement was "materially false and prejudicial" and totally unrelated to the alleged sexual assault before the grand jury.

–10–

Much of Varley's summary judgment evidence and the Leshers' evidence in response is evidence from several of the grand jurors about what transpired during the grand jury proceedings.[3] For example, the Leshers rely on an affidavit from the foreman of the second grand jury to indict them. He stated that he "felt that the evidence we were shown wasn't true after seeing the evidence at trial. [He] was a little bit embarrassed for indicting the Leshers and …felt that [the grand jury] had been lied to." And another grand juror gave deposition testimony that in his opinion the purpose of McCarver's videotape was to establish the Leshers' "guilt through association." The Leshers also cite the deposition testimony of another grand juror who testified that she was given a book about the rights, duties, and responsibilities of grand jurors, but did not have a chance to read it before the indictments against the Leshers were handed down. If she had read it earlier, she would have known more about what she "could and could not do."

The acts about which the Leshers complain all relate to the presentation of a case to the grand jury and thus clearly involve Varley's prosecutorial function. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 248-49 (5th Cir. 1985) (prosecutor entitled to absolute immunity when specific allegations involved manner of presentation of evidence to grand jury). Even if the Leshers' allegations against Varley are true, Varley is immune from liability. A prosecutor's right to absolute immunity has been upheld in cases with far more serious allegations against the prosecutor. *See Imbler*, 424 U.S. at 416 (prosecutor had absolute immunity for knowingly

---

[3] Grand jury proceedings are secret. TEX. CODE CRIM. PROC. ANN. arts. 19.34, 20.02(a) (West 2005 & Supp. 2013). Grand jury testimony can be discovered in a civil suit only if a particularized need is shown. *Euresti v. Valdez*, 769 S.W.2d 575, 579 (Tex. App.—Corpus Christi 1989, no writ). Evidence of what transpired before a grand jury is admissible only when, in the judgment of the court, it becomes material to the administration of justice that disclosure be allowed. *Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 622 (Tex. App.—Houston [14th Dist.] 1994, writ denied). The docket sheet reflects that on June 29, 2010, the Leshers filed a "Motion for Disclosure of Information, Transcriptions and Recordings Made in Connection with Grand Jury Proceedings." A portion of the transcript from an August 19, 2010 hearing on this motion is attached to the Leshers' response to Varley's motion for summary judgment. The transcript does not contain the court's express ruling, and although the record reflects the court issued an order on the motion, it is not in our record. The Leshers later filed a "Second Motion for Disclosure," and the docket sheet also reflects an order granting "Plt's 2nd Mot for Disclosure of Info Transcriptions & Recordings Made in Connection with Grand Jury Proceedings." Again, this order is not in our record. Presumably, the trial court ordered the testimony of the grand jurors after determining there was a particularized need in this case.

eliciting perjured testimony); *Clawson*, 941 S.W.2d at 272 (absolute immunity protects prosecutor who allegedly took bribes in exchange for deciding not to prosecute). Further, the Leshers may not circumvent Varley's right to immunity by suing him in his individual capacity. We conclude Varley was entitled to absolute immunity and the trial court did not err in granting summary judgment in his favor.

## DENIAL OF MOTION TO COMPEL

The Leshers next complain of the trial court's denial of their motion to compel certain documents. The Leshers' motion to compel sought: (1) written statements Shannon and Gerald made to the State Commission on Judicial Conduct, (2) documents prepared by a private investigator hired by Gerald, and (3) handwritten notes by an unknown author. During the discovery process, the Coyels had asserted these documents were protected by the Texas Constitution and government code and by the work-product and attorney-client privileges. At the conclusion of the hearing on the motion to compel, the court requested the Coyels produce the documents for an in camera inspection. After reviewing the documents in camera, the trial court denied the motion to compel.

Our record does not contain the documents inspected by the trial court in camera. Thus, there is nothing for us to review. If documents have been submitted for in camera inspection, the complaining party must request that the exhibits be carried forward under seal so that the appellate court can evaluate this information. *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990); *Hotel Partners v. Craig*, 993 S.W.2d 116, 122 (Tex. App.—Dallas 1994, pet. denied). Because the Leshers have not done this, we conclude they have failed to preserve this complaint for our review.

–12–

## SUMMARY JUDGMENT AS TO GERALD COYEL

Finally, the Leshers contend the trial court erred in granting summary judgment for Gerald. Gerald's motion for summary judgment included both traditional and no-evidence grounds. As traditional summary judgment grounds, Gerald asserted the Leshers failed to state a claim under either section 1983 or section 1985 and thus those claims fail as a matter of law. Specifically, Gerald asserted the Leshers cannot recover under section 1983 because they failed to allege he deprived them of any right guaranteed by the Constitution. He also claimed their section 1985 claim fails because they are not members of a protected class. As no-evidence grounds, Gerald asserted the Leshers had no evidence to support their section 1983 claim because there was no evidence he acted under color of state law or proximately caused the Leshers' injuries.

In their appellate brief, the Leshers challenge the summary judgment for Gerald only on no-evidence grounds. As previously stated, if the trial court does not specify the basis for granting the summary judgment, the appealing party must challenge all the grounds that support the judgment. *Star-Telegram*, 915 S.W.2d at 473. If the appellant fails to negate or challenge all possible grounds on which summary judgment could have been granted, we will uphold the judgment on those grounds. *Shih*, 306 S.W.3d at 945. The Leshers have failed to attack the traditional summary judgment grounds Gerald asserted.

Further, the Leshers' only basis for reversing the summary judgment as to Gerald is that, but for the denial of their motion to compel, they would have had evidence to survive his no-evidence motion for summary judgment. They have not directed us to any evidence in the record that would defeat Gerald's no-evidence motion, and we have concluded they did not preserve their complaint about the denial of their motion to compel. Accordingly, we uphold the

–13–

summary judgment as to Gerald and resolve the Leshers' issues regarding the summary judgment as to Gerald against them.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

121357F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARK LESHER AND RHONDA
LESHER, Appellants

No. 05-12-01357-CV     V.

SHANNON COYEL, GERALD COYEL,
AND VAL VARLEY, Appellees

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-03298-2009.
Opinion delivered by Justice Brown.
Justices Bridges and O'Neill participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.
     It is **ORDERED** that appellees SHANNON COYEL, GERALD COYEL, AND VAL
VARLEY recover their costs of this appeal from appellants MARK LESHER AND RHONDA
LESHER.


Judgment entered this 16th day of June, 2014.


/Ada Brown/
ADA BROWN
JUSTICE