

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name: Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC v. Preston Marshall, Individually and Rusk Capital Management, L.L.C.

Appellate case number: 01-16-00636-CV

Trial court case number: 2015-35950

Trial court: 11th District Court of Harris County

On August 16, 2016, appellees, Preston Marshall and Rusk Capital Management, L.L.C., filed a "Motion for Leave to File In-Camera Documents in Connection with [Appellants'] Appeal and Emergency Motion to Stay," in which they requested "leave to supplement the appellate record—by hand delivery to the Court—documents submitted to the trial court, including in-camera documents, that relate directly to" the emergency motion for stay and appeal filed by appellants, Edwin K. Hunter and Hunter, Hunter & Sonnier, LLC.

We note that on September 1, 2016, we granted in part and denied in part appellants' emergency motion for stay. Accordingly, we **DISMISS** as moot appellees' motion for leave to the extent that it relates to appellants' emergency motion for stay.

In regard to appellees' motion for leave as it relates to appellants' appeal, appellees assert that on August 12, 2016, appellants requested that the trial court clerk prepare a clerk's record in the instant case. However, appellants' request excluded certain relevant documents, particularly "documents filed with the trial court for an in-camera review." Thus, appellees request that the Court "grant [them] leave to supplement the record with [such] documents," which appellees have "hand-delivered to the Court."

In response to appellees' motion for leave, appellants object to the inclusion in the record of any "in-camera exhibits that were previously attached to" filings that are "wholly irrelevant" to appellants' appeal, including the in-camera exhibits attached to appellees' motion to compel, appellees' response to expedite ownership determinations, appellees' motion for expedited special appearance hearing, and appellees' sixth amended petition. *See* TEX. R. CIV. P. 120a(3). And although appellants request that we deny appellees' motion for leave, they note that they do not oppose the submission of a supplemental sealed clerk's record containing the in-camera exhibits that were attached to appellees' response in opposition to appellants' special appearances. *See id.*

Here, the appellate record does not contain the in-camera exhibits that appellees attached to their response in opposition to appellants' special appearances.[1] *See id.* "If a relevant item has been omitted from the clerk's record . . . any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1); *see also* TEX. R. APP. P. 34.5(c)(3) ("Any supplemental clerk's record will be part of the appellate record."). And if a document that has been designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in a supplemental clerk's record. TEX. R. APP. P. 34.5(e).

Further, when documents have been submitted for in-camera inspection, a party must request that the exhibits be carried forward under seal so that the appellate court can evaluate them. *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990); *Lesher v. Coyel*, 435 S.W.3d 423, 431–32 (Tex. App.—Dallas 2014, pet. denied); *see also* TEX. R. CIV. P. 76a; *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (appellate court does not have authority to seal documents in appellate record). However, hand-delivering to the appellate court a copy of the purported in-camera documents, as appellees are attempting to do in the instant case, is not sufficient. *See Humphreys v. Caldwell*, 881 S.W.2d 940, 944–45 (Tex. App.—Corpus Christi 1994, orig. proceeding) (party submitted package under cover letter from attorney informing appellate court enclosed documents submitted for in-camera inspection); *see also* TEX. R. APP. P. 34.5(c), (e); *McGrath v. Baylor Univ. Med. Ctr.*, No. 05-99-00457-CV, 2000 WL 1222039, at *3 n.6 (Tex. App.—Dallas Aug. 29, 2000, pet. denied) (not designated for publication) (noting where party "did not ask the trial court to bring the subject documents forward under seal," appellate court "had no way of knowing whether the documents in [party]'s possession were the precise documents which the trial court reviewed in camera"). Accordingly, we **DENY** appellees' motion for leave to the extent that it relates to appellants' appeal.

We note, however, that the parties in the instant case are not prevented from requesting that the trial court clerk prepare and file a supplemental clerk's record containing the in-camera exhibits, particularly those attached to appellees' response in opposition to appellants' special appearances, whose inclusion in the appellate record appellants do not appear to oppose. *See* TEX. R. CIV. P. 120a(3); TEX. R. APP. P. 34.5(c); *see also* TEX. R. APP. P. 34.5(e); *B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2017 WL 4348215, at *1 (Tex. App.—Austin Sept. 29, 2017, no pet.) (mem. op.) (party to deliver to trial court documents reviewed in camera and trial court clerk to then forward such documents in supplemental clerk's record).

It is so ORDERED.


Judge's signature: /s/ Terry Jennings
　　　　　　　　☑ Acting individually ☐ Acting for the Court


Date: February 15, 2018

---

[1] Appellees tendered to the Court the in-camera exhibits on August 16, 2016. The Court received these documents, but they have not been filed by the Clerk of the Court. We note that the clerk's record in this case contains place-holder sheets for the in-camera exhibits that appellees attached to their response in opposition to appellants' special appearances.