**Opinion issued November 26, 2019**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-18-00432-CV

————————————

### HOLLY GAIL CRAMPTON, Appellant

### V.

### SUSAN MORGAN FARRIS, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court Case No. 183,601-A-1

## O P I N I O N

The Texas Commission for Lawyer Discipline (the Commission) brought a

disciplinary action against appellant, Holly Gail Crampton.[1] While the

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018); *see also* TEX.

Commission's case against her was pending, Crampton filed a "Third-Party Petition" against the Commission attorney assigned to the disciplinary case, appellee Susan Morgan Farris, in her individual capacity, asserting claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1983, among others. The court hearing the disciplinary matter severed Crampton's claims against Farris in her individual capacity from the disciplinary matter.

Farris subsequently filed a plea to the jurisdiction asserting sovereign immunity and absolute immunity pursuant to Texas Rule of Disciplinary Procedure 17.09. The trial court granted Farris's plea, dismissing all of Crampton's claims with prejudice. Crampton now appeals, arguing that the trial court erred in granting the plea to the jurisdiction because (1) Farris was not entitled to any form of immunity for her "illegal, ultra vires" acts; (2) Farris, in her individual capacity, was not immune from suit under Section 1983; and (3) a plea to the jurisdiction was not the proper procedural vehicle to address Farris's affirmative defense that she was not liable in the capacity in which she was sued. Because we conclude that Farris is immune from suit under the absolute immunity granted by Texas Rule of Disciplinary Procedure 17.09, we affirm the trial court's granting of the plea to the jurisdiction.

---

GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between the precedent of the Court of Appeals for the Second District and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

## Background

The Commission filed the underlying disciplinary proceeding against Crampton in 2016. The disciplinary proceeding arose out of a grievance filed by Crampton's former client, Michael Lemont, in connection with Crampton's representation of him in an insurance dispute and complaint against the Veteran's Administration. As part of the disciplinary proceeding, Crampton filed an amended answer together with a "Third-Party Petition" alleging various wrongdoings by the Commission's attorney, Farris, committed in the course of prosecuting the disciplinary action based on Lemont's grievance.[2]

---

[2] The El Paso Court of Appeals sets out a helpful procedural background for the filing and prosecuting of disciplinary proceedings against attorneys:

> Under Article II, Section 1 of the Texas Constitution and Section 81.011(c) of the State Bar Act, the Texas Supreme Court has the power to regulate the practice of law in the State of Texas. The Court has the constitutional and statutory responsibility to maintain appropriate standards of professional conduct and to dispose of individual cases of lawyer discipline. The Supreme Court has delegated the responsibility for administering and supervising lawyer discipline and disability to the Board of Directors of the State Bar of Texas. The Board is vested with authority to adopt rules of procedure and administration consistent with the Texas Rules of Disciplinary Procedure. The Commission for Lawyer Discipline (the Commission) is a permanent committee of the State Bar of Texas. . . .
>
> Under these rules, a grievance against a lawyer starts as an administrative proceeding, and may be classified either as an inquiry or a complaint. . . . At one point in the process, the [disciplined] lawyer can choose to have a complaint heard by a district court [and the] Commission [can] then file its petition detailing the complaint with the Texas Supreme Court. The Texas Supreme Court is to designate an "active district judge" to hear the case.

3

In her live pleading, Crampton asserted claims against Farris in her individual capacity and alleged that Farris was the prosecutor in a previous disciplinary proceeding against Crampton based on a grievance filed by different complainants, the Youngs. *See Crampton v. Comm'n for Lawyer Discipline*, 545 S.W.3d 593 (Tex. App.—El Paso 2016, pet. denied) (the *Young* case). Crampton alleged that Farris engaged in "a series of *ultra vires* and illegal acts beginning with the *Young* case and intertwining it into the Lemont grievance" and that Farris violated Crampton's rights "under the Fifth and Fourteenth Amendments to the United States Constitution and Art. I § 19 of the Texas Constitution." Crampton asserted causes of action for intentional infliction of emotional distress and violations of 42 U.S.C. § 1983, and she further alleged that Farris's behavior violated public policy and State Bar Rules, constituted abuse of her official capacity in violation of Texas Penal Code section 39.02(a)(1), and constituted "public disclosure of private facts."

Crampton alleged, "Ms. Farris' acts of professional misconduct—at best—and acts violating criminal statutes—at worst—as a [Commission] prosecutor, demonstrate her belief that as a [Commission] prosecutor, she is 'absolutely immune,' 'above the law,' and that 'the ends justify the means.'" Crampton

---

*Crampton v. Comm'n for Lawyer Discipline*, 545 S.W.3d 593, 598–99 (Tex. App.—El Paso 2016, pet. denied) (internal citations omitted). The Honorable James Fallon was designated to hear the disciplinary proceeding against Crampton based on Lemont's grievance.

pleaded various ultra vires acts by Farris, including that Farris filed a previous private reprimand against Crampton in the public record in the *Young* case in violation of Texas Rules of Disciplinary Procedure 2.16 (governing confidentiality) and 6.08 (governing access to confidential information); Farris "generated the Lemont grievance" by making or failing to correct false statements of law and fact to Lemont regarding the statute of limitations applicable to Lemont's claims; Farris suborned perjury by Lemont in affidavits and deposition testimony; and Farris caused spoliation of evidence.

Crampton sought monetary relief of between $100,000 and $200,000, as well as "non-monetary relief." She also alleged that Farris's "malicious ultra vires conduct entitles [her] to prospective injunctive relief," including "[e]njoining Ms. Farris from acting as counsel in this or in any other case involving Ms. Crampton"; enjoining the "Dallas District Office and the Dallas Regional Office of the Commission for Lawyer Discipline from acting with regard to this or any other case involving Crampton" and enjoining "the Commission for Lawyer Discipline's prosecution of this case and referring the matter to CAAP (Client Attorney Assistance Program) for an attempted resolution of this case between Mr. Lemont and Ms. Crampton."

The trial judge assigned to the underlying disciplinary action determined that "the assignment for the proceeding involving the Commission for Lawyer

5

Discipline applied solely to the claim by the Commission for Lawyer Discipline vs. Holly Gail Crampton and would not involve a third-party action against Susan Morgan Farris in her individual capacity." That court severed Crampton's claims against Farris into a separate cause of action that was transferred to the trial court underlying this appeal.

Farris filed a plea to the jurisdiction together with special exceptions and her original answer in the severed cause of action. Farris asserted that both sovereign immunity and the absolute immunity granted to Commission lawyers under the Texas Rules of Disciplinary Procedure made her immune from suit, including immunity from suit on Crampton's intentional infliction of emotional distress and Section 1983 claims. Farris challenged the factual basis of Crampton's pleadings, asserting that the private reprimand identified in Crampton's petition "was filed as part of a business records affidavit in November 2013" in the *Young* case, that Crampton's discipline history was a factor for the court in the *Young* case to consider in assessing sanctions, and that the reprimand "has been public for almost three years." Farris further asserted that there was no evidence that she suborned perjury by Lemont, caused spoliation of evidence, induced Lemont to file the underlying grievance, or made misrepresentations of law or fact to Lemont. She cited excerpts of Lemont's deposition indicating that he had not received advice from anyone at the State Bar at the time he filed his grievance against Crampton,

and Farris argues that nothing in Lemont's deposition testimony supports Crampton's allegations of perjury, spoliation, or inducement to file a grievance. Farris argued that Crampton's ultra vires claims were deficient as a matter of law because, among other reasons, Crampton had sued Farris in her individual capacity and not her official capacity and because ultra vires claims would not entitle Crampton to recover retrospective monetary damages from Farris.

Finally, Farris asserted special exceptions, stating that Crampton's petition contained no allegation of waiver of any of the immunity protections afforded to the State Bar of Texas and its agents and employees and that the petition "contain[s] no legally cognizable cause of action." Farris also asserted affirmative defenses including sovereign immunity, official immunity, and "the affirmative defense of not being liable in the capacity sued." Farris further indicated that she had retired and resigned her position as Senior Trial Attorney with the Office of the Chief Disciplinary Counsel effective October 31, 2016, which was just a few weeks after Crampton had first filed her claims against Farris, and that she no longer worked for the Commission.

Crampton responded to the plea to the jurisdiction, arguing that "illegal acts cannot be immunized," that governmental immunity does not apply to Farris, and that she was legally permitted to sue Farris in both her individual and official capacity. Crampton asserted that the alleged ultra vires acts—breach of

confidentiality rules and suborning perjury—do not involve discretionary matters and the "ultra vires bad acts override any 'attorney privilege' [Farris] may have enjoyed prior to her committing illegal, ultra vires acts."

The trial court granted Farris's plea to the jurisdiction, dismissing with prejudice all of Crampton's claims in the severed suit. Crampton appealed.

## Plea to the Jurisdiction

Crampton argues in three issues that the trial court erred in granting the plea to the jurisdiction.

### A. Standard of Review

We review de novo a trial court's ruling on a jurisdictional plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The ultimate inquiry is whether the particular facts presented in the pleadings affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction. *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 170–71 (Tex. App.—Austin 2013, no pet.); *see City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010); *Miranda*, 133 S.W.3d at 226.

When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence relevant to the jurisdictional issue. *City of Elsa*, 325 S.W.3d at 625–26; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). We construe pleadings

liberally in favor of the plaintiff, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *City of Elsa*, 325 S.W.3d at 625; *Miranda*, 133 S.W.3d at 226. Allegations found in pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Miranda*, 133 S.W.3d at 227.

## B.      Absolute Immunity

Farris argued, among other grounds, that the trial court lacked subject-matter jurisdiction because she was protected by Texas Rule of Disciplinary Procedure 17.09's absolute immunity from suit as an attorney prosecuting a disciplinary action on behalf of the Commission.

The Commission is a standing committee of the State Bar of Texas, which is a public corporation and an administrative agency of the judicial department of the state government. *See* TEX. GOV'T CODE. §§ 81.011; 81.076(b); *see also Willie v. Comm'n for Lawyer Discipline*, No. 14–10–00900–CV, 2011 WL 3064158, at \*4 (Tex. App.—Houston [14th Dist.] July 26, 2011, pet. denied) (mem. op.) (citing Government Code sections 81.001 and 81.076 in holding that Commission is subdivision of state and entitled to assert doctrine of sovereign immunity). One of

9

the Commission's roles is to "investigate and prosecute suits to enjoin members, nonlicensees, and nonmembers of the state bar from the practice of law." TEX. GOV'T CODE § 81.076(g).

The Texas Rule of Disciplinary Procedure 17.09 provides for immunity for the Commission and its staff members:

> No lawsuit may be instituted against any Complainant or witness predicated upon the filing of a Grievance or participation in the attorney disciplinary and disability system. All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the Commission and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all members of the Board of Disciplinary Appeals, all members of the District Disability Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is absolute and unqualified and extends to all actions at law or in equity.

TEX. RULES DISCIPLINARY P. R. 17.09. Thus, the State Bar—including the Commission and staff members like Farris—are protected from suits for actions taken during disciplinary proceedings by absolute and unqualified immunity. *Id.*; *Laubach v. State Bar of Tex.*, No. 03-00-00282-CV, 2000 WL 1675701, at *2 (Tex. App.—Austin Nov. 9, 2000, no pet.) (mem. op., not designated for publication).

Rule 17.09's immunity provision is similar in nature to the doctrine of absolute prosecutorial immunity recognized at common law because it provides immunity "for any conduct in the course of their official duties" and states that the

10

immunity "is absolute and unqualified and extends to all actions at law or in equity." *See* TEX. RULES DISCIPLINARY P. R. 17.09; *see, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976) (absolute immunity of prosecutor defeats suit at outset so long as prosecutor's actions were within scope of immunity); *Lesher v. Coyel*, 435 S.W.3d 423, 430 (Tex. App.—Dallas 2014, pet. denied) (stating that prosecutors have absolute immunity when performing their prosecutorial functions and that absolute immunity is effective against all claims regardless of whether they are lodged against individual possessing it in his official or personal capacity).

Furthermore, courts have extended absolute immunity to agency officials, like Farris here, in administrative adjudication processes. *See Butz v. Economou*, 438 U.S. 478, 508–513 (1978) (analyzing "decisions [that] recognize that there are some officials whose special functions require full exemption from liability," such as judges, individuals performing quasi-judicial functions such as grand jurors or petit jurors, and federal or state prosecutors; applying functional approach to scope of immunity set out in *Imbler*; and holding that "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages"); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1088 (5th Cir. 1994) (holding same in context of suit against attorney for Unauthorized Practice of Law Commission, stating that duties performed by UPLC counsel "are analogous to

those of public prosecutors and agency officials in the administrative adjudication process," UPLC counsel was "undeniably performing a public service," and, thus, "the Supreme Court's reasoning for the necessity of absolute immunity is equally applicable to [UPLC counsel's] position" in recognizing counsel's absolute immunity); *Brown v. Lubbock Cty. Comm. Court*, 185 S.W.3d 499, 505 (Tex. App.—Amarillo 2005, no pet.) ("Texas courts have followed federal courts and consistently held as a matter of law that absolute immunity extends to quasi-judicial officers, including prosecutors performing such typical prosecutorial functions as initiating criminal prosecution and presenting the State's case."). Due to these similarities, we analyze Farris's claim of absolute immunity under Rule 17.09 as we would a claim for absolute prosecutorial immunity.

In determining whether absolute immunity applies, we examine the nature of the function performed, not the identity of the actor who performed it. *Gentry v. Smith*, No. 05-18-01181-CV, 2019 WL 4033947, at *3 (Tex. App.—Dallas Aug. 27, 2019, no pet.) (mem. op.) (citing *Lesher*, 435 S.W.3d at 430); *see Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (noting that courts "look[] to the 'nature of the function performed, not the identity of the actor who performed it"). "If an individual's actions are 'intimately associated' with his job responsibilities as a prosecutor, he enjoys absolute immunity no matter if he acted maliciously, in bad faith, or with ulterior motives." *Hartman v. Estate of Alford*, No. 09-19-00051-CV,

12

2019 WL 4493329, at *3 (Tex. App.—Beaumont Sept. 19, 2019, no pet.) (mem. op.) (citing *Charleston v. Pate*, 194 S.W.3d 89, 90–91 (Tex. App.—Texarkana 2006, no pet.)). Activities "intimately associated" with the "judicial phase" of a prosecution include initiating a prosecution and presenting the case on behalf of the State, and "absolute immunity applies with full force" to such functions. *Gentry*, 2019 WL 4033947, at *3; *Lesher*, 435 S.W.3d at 430.

Crampton alleged that Farris engaged in various acts of wrongdoing in connection with her prosecution of disciplinary actions against Crampton filed by the Commission. Each of the alleged acts—filing Crampton's previous private reprimand with the court, "generat[ing] the Lemont grievance," suborning perjury by Lemont in affidavits and deposition testimony regarding his grievance, causing the spoliation of evidence—are all acts intimately associated with Farris's duties as the Commission attorney prosecuting the disciplinary action against Crampton and constituted "conduct in the course of [her] official duties." *See* TEX. RULES DISCIPLINARY P. R. 17.09; *Lesher*, 435 S.W.3d at 430. Even if we assume that all of Crampton's allegations are true—a point that Farris does not concede—we conclude that Farris was entitled to "absolute and unqualified" immunity under Rule 17.09. *See* TEX. RULES DISCIPLINARY P. R. 17.09; *Lesher*, 435 S.W.3d at 430.

## C.    Ultra Vires Claims

In her first issue Crampton argues that absolute immunity cannot insulate Farris from suit for the alleged ultra vires acts and that immunity cannot protect Farris from illegal acts.

We first observe that absolute prosecutorial immunity protects a prosecutor, even if she acts in bad faith or with ulterior motives, so long as she acts within the scope of her prosecutorial duties. *See Lesher*, 435 S.W.3d at 430; *see also Imbler*, 424 U.S. at 427 (explaining that absolute immunity applies to prosecutor who engages in "malicious or dishonest action"); *Burns v. Reed*, 500 U.S. 478, 489–90 (1991) (noting that "prosecutors and other lawyers were absolutely immune from damages liability at common law for making false or defamatory statements in judicial proceedings . . . and also for eliciting false and defamatory testimony from witnesses"); *Clawson v. Wharton Cty.*, 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi 1996, pet. denied) (holding that prosecutor accused of taking bribes still enjoys absolute immunity). Rule 17.09 similarly provides for immunity "from suit for *any* conduct in the course of their official duties" and that the "immunity is absolute and unqualified and extends to all actions at law or in equity." TEX. RULES DISCIPLINARY P. R. 17.09 (emphasis added).

We further observe that Crampton has not pleaded any facts indicating that Farris acted ultra vires. To fall within the ultra vires exception to state actors'

14

sovereign immunity, a suit "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009); *Turner v. Robinson*, 534 S.W.3d 115, 126 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). A state officer acts without legal authority if he "exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Turner*, 534 S.W.3d at 126.

As discussed above, the substance of Crampton's allegations was claims against Farris for actions she undertook in the course of her official duties as the prosecutor of Crampton's disciplinary proceeding. None of the alleged actions were taken outside of Farris's role as the Commission's lawyer assigned to prosecute the disciplinary claims against Crampton; rather, Farris was only in a position to act as she did by virtue of her role as the Commission's prosecutor. Crampton's pleadings essentially challenge the manner in which Farris engaged in her duties. *See Heinrich*, 284 S.W.3d at 369–73, 377–78 n.7 (looking to "nature of the liability sought to be imposed" to determine if government official sued in personal or official capacity and comparing claims brought against government official in official capacity and those brought against official in individual capacity for damages against officer personally).

Crampton further relies on *Heinrich* to support her argument that she could properly sue Farris in her individual capacity. *See id.* at 373 & n.7. The portion of *Heinrich* cited by *Crampton* concerns declaratory judgment actions against state officials acting outside their authority and notes that suits against state officials in their individual capacity would be for "conduct fairly attributable to the officer himself," meaning outside the general scope of employment. *Id.*; *Lenoir v. Marino*, 469 S.W.3d 669, 685 & n.6 (Tex. App.—Houston [1st Dist.] 2015) (addressing similar argument), *aff'd*, 526 S.W.3d 403 (Tex. 2017). As discussed above, Crampton failed to plead any actions undertaken by Farris outside the general scope of Farris's duties with the Commission.

We overrule Crampton's first issue.

**D.     Section 1983 Claims**

In her second issue, Crampton argues that Farris's absolute immunity does not apply to the allegations under 42 U.S.C. § 1983. Courts have held, however, that absolute prosecutorial immunity bars suits brought under section 1983. *Imbler*, 424 U.S. at 427 (holding that considerations behind absolute prosecutorial immunity "dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law"); *Hartman*, 2019 WL 4493329, at *3 ("This absolute immunity is effective against all civil lawsuits whether the lawsuit originates in federal court or state court and whether the allegations are lodged against the

individual in his personal or official capacity.") (citing *Clawson*, 941 S.W.2d at 273, *Lesher*, 435 S.W.3d at 430, and *Brown*, 185 S.W.3d at 505). Rule 17.09 immunity likewise extends to all actions. *See* TEX. RULE DISCIPLINARY P. 17.09 (providing that immunity is "absolute and unqualified and extends to all actions at law or in equity").

We overrule Crampton's second issue.

### E.    Proper Procedural Vehicle

Finally, Crampton argues in her third issue that a plea to the jurisdiction is not the proper procedural vehicle to consider Farris's claims that she is not liable in the capacity in which Crampton sued. Although she raised multiple grounds for dismissal, Farris's plea to the jurisdiction was based in part on her assertion of absolute immunity as a prosecutor for the Commission under Rule 17.09. Rule 17.09 provides that the Commission and its staff "are *immune from suit* for any conduct in the course of their official duties." TEX. RULES DISCIPLINARY P. R. 17.09. Immunity from suit is jurisdictional and, thus, can be properly raised in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 224–26.

We overrule Crampton's third issue.

Crampton also argues that this case could not be decided on issues of law alone and needs to be remanded for an evidentiary hearing. We disagree. As set out above, the allegations pleaded by Crampton all involve conduct by Farris in the

17

course of her official duties and, therefore, fall under Rule 17.09's absolute immunity. Because the pleadings affirmatively negate the court's jurisdiction, the trial court properly granted the plea to the jurisdiction without allowing Crampton an opportunity to amend. *See Kirwan*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227. Furthermore, Crampton is not entitled to a remand for an evidentiary hearing. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (holding trial courts may rule on jurisdictional plea by submission or after evidentiary hearing).

## Conclusion

We affirm the trial court's order granting Farris's plea to the jurisdiction and dismissing with prejudice all of Crampton's claims.[3]


Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

---

[3] Crampton also asserts various other arguments attacking the trial court's granting of the plea to the jurisdiction on grounds of capacity, sovereign immunity, and qualified immunity. Because we have concluded that Rule 17.09's absolute immunity bars all of Crampton's claims against Farris as a matter of law, we need not address these additional grounds. *See* TEX. R. APP. P. 47.1.