COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In re Sprague, Rustam & Diamond, PC, Michael Sprague, Individually, and J. Christopher Diamond, Individually

Appellate case number:    01-20-00250-CV

Trial court case number:   2017-76096

Trial court:                    127th District Court of Harris County

Relators, Sprague, Rustam & Diamond, PC, Michael Sprague, and J. Christopher Diamond, have filed a motion for supplemental mandamus record to be filed under seal. Real parties in interest, Coastal Cargo of Texas, Inc. and Tokio Marine HCC, have filed a response in opposition to relators' motion. Relators' motion requests this Court order real parties in interest to supplement the mandamus record by filing, under seal, the documents inspected by the trial court in camera. Based on the information available to this Court, there is no indication that the documents inspected by the trial court in camera were filed under seal or otherwise made a part of the record. Appellate courts do not have the authority to seal documents in an appellate record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Accordingly, we **deny** relators' motion for supplemental mandamus record to be filed under seal.

We note that all parties agree that as a part of this Court's consideration of relators' petition for writ of mandamus, it is necessary for this Court to review the documents inspected by the trial court in camera. Here, the mandamus record does not contain the documents reviewed by the trial court in camera. For that reason, further action by the parties is necessary to make these documents part of the mandamus record.

Further, when documents have been submitted for in camera inspection, a party must request that the documents be carried forward under seal so that the appellate court can evaluate them. *Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990); *Lesher v. Coyel*, 435 S.W.3d 423, 431–32 (Tex. App.—Dallas 2014, pet. denied); *see also* TEX. R. CIV. P. 76a; *Envtl. Procedures, Inc.*, 282 S.W.3d at 636. However, hand-delivery of a copy of the purported in camera documents to this Court by real parties in interest is not sufficient. *See Humphreys v. Caldwell*, 881 S.W.2d 940, 944–45 (Tex. App.—Corpus Christi 1994, orig.

proceeding) (party submitted package under cover letter from attorney informing appellate court enclosed documents submitted for in-camera inspection); *see also* TEX. R. APP. P. 34.5(c), (e); *McGrath v. Baylor Univ. Med. Ctr.*, No. 05-99-00457-CV, 2000 WL 1222039, at *3 n.6 (Tex. App.—Dallas Aug. 29, 2000, pet. denied) (not designated for publication) (noting where party "did not ask the trial court to bring the subject documents forward under seal," appellate court "had no way of knowing whether the documents in [party]'s possession were the precise documents which the trial court reviewed in camera").

The parties are not prevented from requesting that the trial court clerk identify and prepare a sealed supplemental clerk's record containing the documents reviewed by the trial court in camera. *See* TEX. R. APP. P. 34.5(c); *see also* TEX. R. APP. P. 34.5(e); *B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2017 WL 4348215, at *1 (Tex. App.—Austin Sept. 29, 2017, no pet.) (mem. op.) (party to deliver to trial court documents reviewed in camera and trial court clerk to then forward such documents in supplemental clerk's record).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes

☑ Acting individually     ☐ Acting for the Court

Date:  ___April 16, 2020___