**VACATE and AFFIRM; and Opinion Filed August 27, 2019.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-18-01181-CV

**JAMES H. GENTRY, Appellant**
**V.**
**BENJAMIN N. SMITH, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-03888-2018**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

On our own motion, we withdraw our opinion issued on June 24, 2019, and vacate our

judgment of that same date. James H. Gentry appeals the trial court's dismissal of his claims against

appellee Benjamin N. Smith. For the following reasons, we affirm. Because all issues are settled

in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

In 2007, Gentry was charged with multiple counts of theft, to which he ultimately pleaded

guilty and received life sentences in three of the five cases. Smith, a former Collin County

Assistant District Attorney, prosecuted the five criminal cases against Gentry.[1]

---

[1] Smith is now the presiding judge of the 380th Judicial District Court in Collin County.

In 2018, Gentry filed suit pro se against Smith,[2] alleging Smith breached a contract with him—a voluntary confession and plea agreement; engaged in fraud; and violated sections of the penal code prohibiting tampering with evidence and governmental records. Gentry claimed that by engaging in such conduct, Smith violated his rights to "due course of law" under the U.S. Constitution and Article 1.04 of the Texas Code of Criminal Procedure.[3] By his suit, Gentry sought a declaration that Smith committed the alleged violations of constitutional and state law and a permanent injunction ordering Smith to admit he breached the contract.

Smith filed an answer generally denying Gentry's claims, asserting several affirmative defenses, including limitations and absolute prosecutorial immunity, and requesting Gentry be sanctioned for filing a frivolous suit unsupported by any good faith arguments. Concurrently with his answer, Smith filed a motion to dismiss under Rule 91a of the rules of civil procedure, or alternatively, plea to the jurisdiction, ("Motion") in which he argued Gentry's claims were barred by limitations and precluded by Smith's entitlement to absolute prosecutorial immunity.

The trial court ordered a hearing on Smith's Motion to be by submission only. Gentry, incarcerated as a result of the above-mentioned criminal convictions, filed a response to Smith's Motion, as well as a motion requesting the trial court issue a bench warrant or conduct a hearing by conference call in order to allow Gentry to participate in the hearing on Smith's Motion. Smith replied to Gentry's response, reasserting the grounds for dismissal urged in his Motion. The trial court issued an order titled "Final Judgment" in which it denied Gentry's motion for bench warrant, granted Smith's Motion, and dismissed the case with prejudice. Gentry filed a request for findings of fact and conclusions of law, but the trial court did not file any.

---

[2] Gentry's opening pleading is titled as "Due Course of Law Complaint," which we will refer to throughout this opinion as his petition. *See* TEX. R. CIV. P. 78.

[3] The Fourteenth Amendment to the U.S. Constitution provides a right to "due process." *See* U.S. CONST. amend. XIV, § 1. Article 1.04 of the code of criminal procedure provides for a State citizen's right to due course of the law of the land. *See* TEX. CRIM. PROC. CODE ANN. § 1.04.

–2–

On appeal, as in trial, a pro se litigant must properly present his case. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although we liberally construe pro se briefs, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To hold otherwise would give pro se litigants an unfair advantage over litigants represented by an attorney. *In re N.E.B.*, 251 S.W.3d at 212.

We liberally construe Gentry's pro se briefs to assert the following issues:

1) The trial court "abused its discretion" and violated Gentry's Fourteenth Amendment right by not conducting a hearing and denying Gentry's motion for bench warrant or hearing by phone.

2) The trial court erred by failing to reach the merits of Gentry's claims for breach of contract, fraudulent concealment, and fraud.

3) The trial court erred by concluding limitations barred Gentry's claims because Gentry did not learn of Smith's alleged breach or alleged fraud until Gentry learned of Smith's fraudulent concealment of the voluntary confession agreement in December 2017.

4) The trial court erred by concluding absolute prosecutorial immunity barred Gentry's claims because state officials can be sued in their individual capacities for wrongful unofficial acts.

## I. Hearing on Smith's Motion by Submission

In his first issue, Gentry complains of the trial court's decisions to hear Smith's Motion by submission only and to deny his motion for bench warrant or hearing by phone, urging that these decisions deprived him of his right to due process under the Fourteenth Amendment. *See* U.S. CONST. amend. XIV, § 1. Texas law does not require a trial court to conduct an oral hearing to rule on either a motion to dismiss under rule 91a or a plea to the jurisdiction. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (holding trial courts may rule on jurisdictional plea by submission or after evidentiary hearing); *see also* TEX. R. CIV. P. 91a.6 ("The court may,

but is not required to, conduct an oral hearing on the motion."); *Cire v. Cummings*, 134 S.W.3d 835, 844 (Tex. 2004) (no violation of due process where trial court declined to hold oral hearing before ruling on motion to compel discovery). Accordingly, we overrule Gentry's first issue.

## II. Grant of Smith's Motion to Dismiss and Plea to the Jurisdiction

We construe Gentry's fourth issue to challenge the trial court's grant of Smith's Motion (which was a motion to dismiss under rule 91a and alternatively a plea to the jurisdiction) by arguing the trial court erred by concluding absolute prosecutorial immunity barred Gentry's claims because state officials can be sued in their individual capacities for wrongful unofficial acts.

Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *City of Dallas v. E. Vill. Ass'n*, 480 S.W.3d 37, 42 (Tex. App.—Dallas 2015, pet. denied). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Id.* In performing our review, we do not look to the merits of the claimant's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Id.* If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *Id.* This standard mirrors our review of summary judgments. *Id.*

Here, Smith's Motion argued the doctrine of absolute prosecutorial immunity required dismissal of Gentry's claims. In construing the doctrine of absolute prosecutorial immunity, Texas courts follow federal jurisprudence and apply the functional approach set out in *Imbler v. Pachtman*, 424 U.S. 409 (1976). *Harris v. Francis*, No. 05-99-00866-CV, 2000 WL 175588, at *4 (Tex. App.—Dallas Feb. 16, 2000, no pet.). Prosecutors have absolute immunity from liability

–4–

when performing their prosecutorial functions. *Lesher v. Coyel*, 435 S.W.3d 423, 430 (Tex. App.—Dallas 2014, pet. denied). In determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it. *Id.* Activities intimately associated with the judicial phase of the criminal process, such as initiating a prosecution and presenting the State's case, are functions to which absolute immunity applies with full force. *Id.* Absolute immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he acts within the scope of his prosecutorial functions. *Id.* Further, absolute immunity is effective against all claims regardless of whether they are lodged against the individual possessing it in his official or personal capacity. *Id.*

Gentry's pleadings, including his response to Smith's Motion, assert the following claims: breach of contract; violations of sections of the penal code prohibiting tampering with evidence and governmental records; and violations of Gentry's rights to "due course of law" under the U.S. Constitution and Article 1.04 of the Texas Code of Criminal Procedure. Gentry's pleadings seek declaratory relief that Smith's actions violated Gentry's constitutional rights and a permanent injunction ordering Smith to admit his actions violated Gentry's constitutional rights, the code of criminal procedure, and state laws.[4] His pleadings allege that he signed a contract with Smith and attached to his petition a copy of the contract, i.e. a voluntary confession and plea agreement. Gentry then alleges Smith signed the "contract" knowing Smith was going to breach it and that Smith breached the "contract" by failing to honor it.

In Gentry's response to Smith's Motion, he reasserted his allegations that Smith did not plan on honoring the plea agreement when he signed it, only presented the plea agreement "for the sole purpose of getting a signed confession," acted in bad faith by concealing the plea agreement

---

[4] The Fourteenth Amendment to the U.S. Constitution provides a right to "due process." *See* U.S. CONST. amend. XIV, § 1. Article 1.04 provides for a State citizen's right to due course of the law of the land. *See* TEX. CRIM. PROC. CODE ANN. § 1.04.

from the trial court, and violated professional rules of conduct 3.04 and 3.09, as well as article 2.01 of the code of criminal procedure. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (prohibiting lawyers from conduct violative of fairness in adjudicatory proceedings), 3.09 (setting forth special responsibilities of prosecutor); TEX. CODE CRIM. PROC. ANN. art. 2.01 (setting forth duties of district attorneys). Gentry's response also raises a claim of breach of fiduciary duty, which could not be fairly read to be included in his petition. For purposes of our analysis, we will assume without deciding that this claim was properly before the trial court.

On appeal, Gentry argues Smith acted wrongfully and committed fraud, fraudulent concealment, fraudulent inducement, breach of conduct, and criminal acts in "falsifying" the plea agreement.[5] He urges Smith cannot claim immunity for what he characterizes as personal criminal acts. Absolute immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he acts within the scope of his prosecutorial functions. *Lesher*, 435 S.W.3d at 430. Gentry's petition makes it clear he is complaining about actions he alleges Smith engaged in as a prosecutor negotiating a plea deal with Gentry. Even if Gentry's allegations are true, Smith is immune from liability. A prosecutor's right to absolute immunity has been upheld in cases with as or more serious allegations against the prosecutor than those made here. *See, e.g.*, *Imbler*, 424 U.S. at 416, 430 (prosecutor had absolute immunity for knowingly eliciting perjured testimony); *Lesher*, 435 S.W.3d at 430 (absolute immunity protects prosecutor for allegedly preventing grand jurors from reading handbook and thus knowing rights and responsibilities under law and for prejudicing grand jury by presenting irrelevant and inadmissible evidence); *Clawson v. Wharton Cty.*, 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied)

---

[5] In his briefing on appeal, Gentry makes other factual allegations not included in his petition, which we will not address, as our review is limited to his pleading before the trial court. *See E. Vill. Ass'n*, 480 S.W.3d at 42.

(absolute immunity protects prosecutor who allegedly took bribes in exchange for deciding not to prosecute). Accordingly, we conclude the trial court did not err in concluding absolute prosecutorial immunity barred Gentry's claims. Thus, we overrule Gentry's fourth issue.

As stated above, Smith asserted two grounds in his motion to dismiss and plea to the jurisdiction, but the trial court's order granting the motion to dismiss and plea to the jurisdiction did not state on which ground or grounds the trial court was granting the motion. Where, as here, an order does not specify the grounds on which it is based, the appellant must show that each independent ground is insufficient to support the order. *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 314 (Tex. App.—Dallas 2018, pet. filed) (en banc) (reviewing challenge to order granting motion to dismiss and plea to jurisdiction). In light of our resolution of Gentry's fourth issue, determining his claims against Smith were properly dismissed due to immunity, we need not address Gentry's third issue challenging the trial court's grant of Smith's Motion on the limitations grounds. *See id.*; *see also* TEX. R. APP. P. 47.1.

Moreover, as we have concluded the trial court did not err in concluding absolute prosecutorial immunity barred Gentry's claims, we need not address his second issue complaining of the trial court's failure to reach the merits of Gentry's claims for breach of contract, fraudulent concealment, and fraud. *See* TEX. R. APP. P. 47.1.

### MOTIONS TO DISMISS FINAL JUDGMENT

After filing his opening and reply briefs, Gentry filed a motion with this Court to dismiss the final judgment. In his motion, Gentry argues the trial court's final judgment is void because after the trial court judge recused herself, she presided over Smith's motion to dismiss.

A party in a case in any trial court may seek to recuse or disqualify a judge. *See* TEX. R. CIV. P. 18a(a). When a judge is presented with a motion to recuse, he or she has only two options: recusal or referral of the matter to the administrative presiding judge. *See* TEX. R. CIV. P. 18a(c).

–7–

Once the motion is referred to the administrative presiding judge, except for good cause, the sitting judge is to make no further orders and take no further action in the case prior to a hearing on the motion. *See* TEX. R. CIV. P. 18a(d). Failure to comply with the rule renders any actions taken subsequent to the violation void. *In re A.R.*, 236 S.W.3d 460, 477 (Tex. App.—Dallas 2007, no pet.).

The same day that he filed suit against Smith, Gentry filed a motion to recuse and disqualify "any Judge of any court in Collin County" on the ground that because Smith was a party and a judge in Collin County, it would be a conflict of interest for any other judge to preside over Gentry's suit. Gentry requested an administrative judge hear the case. Soon after, the trial court judge signed an order recusing herself and requesting the administrative presiding judge assign a judge to hear the case. The administrative presiding judge then assigned the Honorable Rayburn M. Nall, Jr. to hear the case. The record contains the docket sheet, which notes Smith's motion to dismiss was heard on September 21, 2018, and that the judicial officer was the trial court judge who had previous recused herself. However, Smith's motion to dismiss was heard by submission, the final judgment was signed by Judge Nall, and the notation on the docket sheet regarding the final judgment is that Judge Nall was the judicial officer.

Based on the record before us, we conclude the trial court judge complied with rule 18a such that the final judgment is not void. We deny Gentry's motion to dismiss the trial court's judgment.

Additionally, before this case was submitted on the briefs, Gentry filed a motion for leave to supplement his reply brief. In that motion, Gentry requested leave to file a supplemental reply brief and again sought to dismiss the trial court's judgment. This Court issued an order that granted the motion to supplement insofar as Gentry sought leave to supplement his reply brief, otherwise denied the motion, and ordered Gentry's supplemental reply brief filed. After that order, but before

submission and while Gentry's motion to dismiss remained pending, Gentry filed a motion for rehearing of his motion to dismiss the trial court's judgment. We deny that motion for rehearing.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

181181F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES H. GENTRY, Appellant

No. 05-18-01181-CV      V.

BENJAMIN N. SMITH, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-03888-2018.
Opinion delivered by Justice Schenck, Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, we **VACATE** the judgment of June 24, 2019. This is now the judgment of the Court.

The judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BENJAMIN N. SMITH recover his costs of this appeal from appellant JAMES H. GENTRY.

Judgment entered this 27th day of August, 2019.